# Ex Parte Dessús.

Appeal from an order made by Mr. Justice Hernández, of the Supreme Court, in *Habeas Corpus* proceedings.

No. 48.—Decided November 19, 1906.

Habeas Corpus—Bond.—Where the bond furnished by a defendant to remain at liberty is cancelled and he is remanded to imprisonment, his imprison-

ment must be considered legal until a new bond is given, and the propriety or impropriety of the cancellation of the bond cannot be inquired into on *habeas corpus* proceedings.

Id.—Appeal—Certiorari—Questions of Fact or Procedure.—The writ of *habeas corpus* cannot be made to serve the purpose of a writ of *certiorari* or of an appeal, nor can questions of fact or irregularity in the proceedings be determined unless the errors or irregularities of procedure are such as to affect the jurisdiction of the court and render the judgment under which the defendant is committed null and void.

The facts are stated in the opinion.

*Mr. Manuel F. Rossy* for appellant.

*Mr. Rossy, fiscal,* for respondent.

Mr. Justice MacLeary delivered the opinion of the court.

This application for the writ of *habeas corpus* was made to Mr. Justice Hernández of this court on the 14th of July of the present year. The writ was issued at once and the case came on to be heard before said justice on the 17th of the same month, and was continued until the 20th, when the following order was made therein, to wit:

"Having heard the application for *habeas corpus* made by Luís Felipe Dessús and Calixto García Gaona, for their excarceration under bond which they were prepared to furnish, pending the result of the appeal which they took to the District Court of Arecibo from the judgment of the Municipal Court of Arecibo convicting them of the offense of inciting a riot, and the facts and proceedings sent up from said district court having been examined into, and carefully considering the allegations of both parties, we are of opinion that the imprisonment of the applicants is illegal, since the bond under which they were at large having been canceled and the propriety or impropriety of such cancellation not being subject to inquiry on *habeas corpus* proceedings, the logical consequence is the giving of a new bond, and on their failure to give such new bond, their imprisonment must follow.

"Therefore the application of Dessús and García Gaona for the writ of *habeas corpus* is denied, and they must continue in the custody under which they were upon the institution of this proceeding, and subject to the orders of the District Court of Arecibo."

From this order of the justice denying the liberation of the prisoners under the writ of *habeas corpus* an appeal was

taken to this court on the same day of its rendition, and the applicants released under bond of $500, properly conditioned.

The case was set down for hearing on the 25th of October and duly argued by counsel on each side, and submitted to the consideration of the court. After a careful examination of the record in all its parts, it is scarcely necessary to do more than to approve the opinion of our colleague herein rendered in the order appealed from, to the effect that the imprisonment which the applicants were suffering was legal, since the bond under which they were enjoying their liberty had been canceled, it not being necessary to discuss in a *habeas corpus* proceeding the propriety or impropriety of such cancellation, and the necessity of filing a new bond being the logical consequence of the order made, and it being incumbent upon the accused to remain in prison until that order is complied with.

However, we may reiterate what we have heretofore said in regard to proceedings on *habeas corpus*. The object, and the only object, of the writ of *habeas corpus* is to open the prison doors and liberate a person illegally restrained of his liberty. It can never be used as a substitute for an appeal, or to retry questions of fact, or to review erroneous proceedings taken by a competent tribunal on a legal trial. Nor can the writ of *habeas corpus* perform the office of a *certiorari* or writ of error. It is limited by law strictly to its own sphere. On *habeas corpus* proceedings no court can review errors or irregularities in procedure which do not involve the jurisdiction of the court rendering the judgment under which the prisoner is incarcerated. This question was fully discussed, and the opinion of this court thereon rendered in the case of Pedro Díaz, *alias* Martillo, decided on the 18th of June, 1904, and to that case, and the authorities there cited, reference is made to sustain the views herein entertained.

Inasmuch as the order of Associate Justice Hernández

was fully justified by law, and was in every particular correct, the same will be in all things affirmed.

*Affirmed.*

Chief Justice Quiñones, and Justice Wolf concurred.

Justices Hernández and Figueras did not take part in the decision of this case.